# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID HALL CRUM, *Plaintiff*, v. FEDERAL BUREAU OF PRISONS, *et al.*, *Defendants.* | No. 20-cv-3241 (DLF) |

## MEMORANDUM OPINION

David Crum, acting *pro se*, brings this action against the Federal Bureau of Prisons (BOP) and Muriel Bowser, the mayor of Washington, D.C., alleging constitutional violations. Before the Court is BOP's Motion to Dismiss, Dkt. 15, and Bowser's Motion to Dismiss, Dkt. 18. For the reasons that follow, the Court will grant both motions.

## I. BACKGROUND[1]

Crum, a federal prisoner, alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by allowing him to be transferred from the District of Columbia Jail to the Federal Correctional Institution Beckley (FCI Beckley) in Beaver, West Virginia on November 13, 2019.[2] *See* Compl. at 1–2, Dkt. 1. In particular, Crum alleges that his

---

[1] These facts are drawn solely from Crum's complaint. In resolving a motion to dismiss, the Court must treat the plaintiff's "factual allegations as true and must grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Ctr. for Responsible Sci. v. Gottlieb*, 311 F. Supp. 3d 5, 8 (D.D.C. 2018) (internal quotation marks and alterations omitted).

[2] Crum appears to allege in his complaint that this action is being brought under 28 U.S.C. § 1343. Compl. at 1. As relevant here, that statute grants district courts original jurisdiction over actions "[t]o redress the deprivation, under color of any State law . . . of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens[.]" 28 U.S.C. § 1343(a)(3); *see also Best v. Kelly*, 39 F.3d 328, 330

transfer without his medical records put his life in "direct danger" because it subjected him to two tuberculosis tests, which he is not supposed to take due to his medical conditions. *Id.* at 2. Crum asserts that the transfer never should have occurred in the first place, as officials at the D.C. Jail could have placed a "medical hold" on Crum due to his various medical conditions, which include high blood pressure, congestive heart failure, and a liver infection. *Id.* Crum further alleges that the transfer allowed BOP officials at his current institution to falsify a "point custody document," which caused him to be stuck at FCI Beckley without any prerelease or substantial halfway house placement, and which prevented him from regaining housing subsidies and social security insurance. *Id.* Crum seeks $50,000 in money damages from each of the defendants. *Id.* at 3.

Both BOP and Mayor Bowser filed motions to dismiss in January 2021. *See* BOP Mot. to Dismiss (BOP MTD); Bowser's Mot. to Dismiss (Bowser MTD). After Crum made the Court aware that he was experiencing delays in receiving these motions through the mail, Dkt. 21, the Court afforded Crum additional time to respond to both motions, *see* Minute Order of February 26, 2021, and also granted Crum leave to file multiple surreplies, *see* Dkts. 26–28, in which he further addressed the merits of this dispute.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal law

---

(D.C. Cir. 1994) (describing 28 U.S.C. § 1343(a)(3) as the "jurisdictional counterpart" to 42 U.S.C. § 1983). "Since the elimination of 28 U.S.C. § 1331's amount-in-controversy requirement decades ago, 28 U.S.C. § 1343(a)(3) has been a redundant statutory grant of jurisdiction." *Speer v. City of New London*, No. 20-cv-1928, 2021 WL 1711786, at *6 n.11 (D. Conn. Apr. 30, 2021) (internal citation omitted).

empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks and citations omitted). But the court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" in order to "assure itself of its own subject matter jurisdiction." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (internal quotation marks omitted). A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

### B.  Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 557 ("Factual allegations must be enough to raise a right to relief above the speculative level."). A complaint need not contain "detailed factual allegations," but

alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted). However, "the Supreme Court has made clear that . . . there is no requirement 'that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 (D.D.C. 2012) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Although a *pro se* complaint is generally entitled to liberal construction, *see Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009), the assumption of truth does not apply to a "legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). An "unadorned, the defendant-unlawfully-harmed-me accusation" is not credited; likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. ANALYSIS

Crum purports to assert a single *Bivens* claim against both BOP and Mayor Bowser for violating his Eighth Amendment rights. *See* Compl. at 1, 3; *see also* Pl.'s Opp'n to Bowser MTD at 1 (asserting that Crum's claim against Mayor Bowser is brought under *Bivens*), Dkt. 23.

4

*Bivens v. Six Unknown Federal Narcotics Agents* recognized an implied cause of action for damages against *federal* officials alleged to have violated certain constitutional rights. 403 U.S. 388 (1971). Because the Mayor of the District of Columbia is not a federal official or employee subject to a *Bivens* action, *see Jordan v. Dist. of Columbia*, 113 F. Supp. 3d 278, 281 (D.D.C. 2015); *Jiggetts v. Cipullo*, 285 F. Supp. 3d 156, 164 (D.D.C. 2018), the Court will liberally construe Crum's complaint as asserting a separate claim against the Mayor pursuant to 42 U.S.C. § 1983, rather than dismiss his *Bivens* claim against the Mayor on this basis, *see Jordan*, 113 F. Supp. 3d at 281.

### A. Section 1983

Starting with Crum's claim against Mayor Bowser, it is difficult to determine from Crum's complaint whether he asserts a claim against Bowser in her individual or official capacity, s*ee generally* Compl., though Crum has clarified in subsequent filings that he intended to assert his claim against the Mayor in both capacities, *see* Pl.'s Supp. Mem. in Opp'n to Bowser MTD at 3, Dkt. 28. Either way, his claim must be dismissed.

#### 1. *Individual Capacity*

"[V]icarious liability is inapplicable to . . . § 1983 suits." *Iqbal*, 556 U.S. at 676. To assert a claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*.

Crum has failed to do so with respect to Mayor Bowser. The complaint alleges that the D.C. Jail operates under the Mayor's "legal authority." Compl. at 1; *see also, e.g.*, Pl.'s Opp'n to Bowser MTD at 3 ("[The Mayor] and or one of her government staff authorized the jail's medical unit to function in an inadequate way and manner that caused the violation of the Eighth Amendment."). But aside from noting the Mayor's general authority over the medical unit, the

complaint contains no specific allegations about any actions the Mayor took that caused Crum to be transferred without his medical records or to be the subject of a false "point custody document." *See generally* Compl. Because Crum has not "allege[d] that [Bowser] was personally involved in the illegal conduct," *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997), his claim against Bowser in her individual capacity will be dismissed pursuant to Rule 12(b)(6). *See also Stone v. Walsh*, 756 F. Supp. 2d 4, 7–8 (D.D.C. 2010) (dismissing § 1983 claims against official in his individual capacity when plaintiff alleged no facts indicating official's personal involvement), *aff'd*, No. 10-7177, 2011 WL 1766057 (D.C. Cir. Apr. 4, 2011).

### 2. *Official Capacity*

"A section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself." *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). However, a municipality cannot be held liable for the acts of its employees alone. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978) (rejecting the theory of respondeat superior in this context). Rather, a plaintiff must allege that the municipality followed a "policy or custom" that resulted in the constitutional injury. *See id.* at 694; *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989) (noting "a municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation" (internal quotation marks and alteration omitted)). And the complaint "must include some factual basis for the allegation of a municipal policy or custom." *Atchinson*, 73 F.3d at 422.

Crum has not identified a District of Columbia policy or custom that caused his alleged injuries. Nor has he pled any facts that would support such an allegation. *See generally* Compl.

In one of his surreplies, Crum suggests for the first time that the "Mayor and her staff" were "keenly aware" of a policy at the D.C. Jail concerning the release of medical records. *See* Response to Bowser Reply at 1, Dkt. 27. But even taking this allegation into account, *see Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("[A] district court errs in failing to consider a *pro se* litigant's complaint in light of all filings, including filings responsive to a motion to dismiss." (internal quotation marks omitted)), Crum fails to identify this policy with enough specificity to provide "fair notice of what [his] claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (alteration and internal quotation marks omitted). And Crum does not allege with any specificity facts that would support a claim that a District of Columbia policy was the reason for the alleged violations. Accordingly, any claim against Bowser in her official capacity must also be dismissed.

    **B.**     ***Bivens***

That leaves Crum's *Bivens* claim against BOP. "Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress has expressly waived the defense of sovereign immunity by statute." *Carter-El v. Dist. of Columbia Dep't of Corr.*, 893 F. Supp. 2d 243, 246 (D.D.C. 2012) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). *Bivens* does not constitute "a waiver of sovereign immunity for actions against the United States." *Scinto v. Fed. Bureau of Prisons*, 608 F. Supp. 2d 4, 8 (D.D.C. 2009), *aff'd*, 352 F. App'x 448 (D.C. Cir. 2009). "*Bivens* liability does not run against a federal agency, but only against individual federal agents." *Kauffman v. Anglo-Am. Sch. of Sofia*, 28 F.3d 1223, 1226 (D.C. Cir. 1994); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The

prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."). Accordingly, even though BOP filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see* BOP MTD at 1, the Court will dismiss Crum's claim against BOP under Rule 12(b)(1) for lack of subject-matter jurisdiction, *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."); *Scinto*, 608 F. Supp. 2d at 9 (dismissing *Bivens* claim against BOP under Rule 12(b)(1)).

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss are granted. A separate order consistent with this decision accompanies this memorandum opinion.

June 30, 2021

DABNEY L. FRIEDRICH
United States District Judge